# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:00-cr-00060 |
| v. | MEMORANDUM OPINION |
| JERMEER MARSHALL,<br>BOP Register Number: 08513-084 | JUDGE NORMAN K. MOON |
| *Defendant.* | |

This matter comes before the Court on a Motion for Sentencing Reduction ("Motion to Reduce") (docket no. 62) filed by Jermere[1] Marshall, pursuant to 18 U.S.C. § 3582(c)(2), in which he seeks a reduction in his sentence based on the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), and Amendment 750 of the United States Sentencing Guidelines. I have fully considered the arguments the parties made during the hearing on this issue, and the authorities set forth in the filings. For the following reasons, I will construe Marshall's motion as a 28 U.S.C. § 2255 motion to vacate sentence, or in the alternative, as a 28 U.S.C. § 1651 petition for a writ of error coram nobis, and I will grant the motion.

## I. BACKGROUND

### A. Federal Sentencing on June 11, 2002

On June 11, 2002, this Court sentenced Marshall to 262 months of incarceration for one count of possession with intent to distribute cocaine base under 21 U.S.C. §§ 841(b)(1)(B) and

---

[1] The Bureau of Prisons ("BOP") lists Mr. Marshall's first name as "Jermeer," as do various court filings. Other filings refer to him as "Jermere," and that appears to be the proper spelling of his name. For the purposes of maintaining consistency with BOP files, the case name will remain under "Jermeer Marshall."

851.² The presentence investigation report ("PSR") used at sentencing ("2001 PSR") calculated Marshall's guideline range as 262–327 months. Since the government filed under 21 U.S.C. § 851 based on a prior felony drug conviction, a statutory minimum sentence of 120 months applied under 21 U.S.C. § 841(b)(1)(B). 21 U.S.C. § 841(b)(1)(B) (2000) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ."). Therefore, Marshall's guideline range would have been 120 months without a career offender enhancement.

Instead, Marshall's criminal history category was VI and his offense level was 34. Section 4B1.1 enhances the criminal history score and offense level for defendants who: (1) were at least 18 years old when they committed the federal offense at issue; (2) committed an instant federal offense that is a felony controlled substance offense; and (3) have at least two prior convictions for either crimes of violence or controlled substance offenses. U.S.S.G. § 4B1.1(a) (2002). A "controlled substance offense" is defined as:

> [A]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with the intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b) (2002). Marshall's offense of conviction in federal court in 2002 was possession with the intent to distribute crack cocaine, punishable by well over one year. Two offenses in Marshall's criminal history were committed after he turned 18, and were considered

---

² Marshall was indicted on September 12, 2000 on a single count of possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On April 23, 2001, the government filed an information advising that Marshall would be subject to enhanced punishment under 18 U.S.C. § 851 based on a prior felony drug conviction. On April 24, 2001, Marshall pled guilty to a one-count information pursuant to a written plea agreement stipulating a drug weight of greater than 5 but less than 20 grams of crack cocaine.

predicate offenses for the enhancement.

The first predicate offense, in paragraph 25 of the 2001 PSR, was for "Possession with Intent to Distribute Cocaine" in the Salem, New Jersey Superior Court, for which Marshall was found with 4.15 grams (.15 ounces) of cocaine, with a sentence of 90 days of incarceration and two years of probation imposed. This criminal conviction counts as a "controlled substance offense" under §§ 4B1.1 and 4B1.2.[3]

The second predicate offense was for possession with intent to distribute cocaine within 1,000 feet of a school, for which Marshall pled guilty on May 18, 1998 in Salem Superior Court. *See* 2001 PSR ¶ 26. Marshall was found with 4.59 grams (.16 ounces) of cocaine on his person. Therefore, like the other offense, this conviction would have qualified as a predicate conviction[4] for possession with the intent to distribute a controlled substance, punishable by over one year. *See* U.S.S.G. § 4B1.2(b) (2002); N.J. Stat. Ann. § 2C: 35-5(a)(1), (b)(3) (1997) (effective through 2000) (West); N.J. Stat. Ann. § 2C:43-6 (1993) (effective through 2008) (West).

Two factors complicate Marshall's second predicate offense. First, the New Jersey court lacked a factual basis to convict him of possession with the intent to distribute cocaine on his guilty plea. During the plea colloquy with the Salem Superior Court on May 18, 1998, Marshall denied he possessed the cocaine with the intent to distribute it, in part because when police arrested him, he had not yet distributed it:

> Q: On that occasion were you in fact arrested by various officers of the Salem Police Department?

---

[3] New Jersey law in effect at the time specified that possession with the intent to distribute cocaine, with a drug weight of less than one-half ounce, qualified as a third degree crime. N.J. Stat. Ann. § 2C: 35-5(a)(1), (b)(3) (1988) (effective through 1997) (West). A third degree crime was punishable at the time by incarceration for 3–5 years. N.J. Stat. Ann. § 2C:43-6 (1993) (effective through 2008) (West). Therefore, the predicate offense qualified as a conviction for possession with the intent to distribute a controlled substance, punishable by over one year. *See* U.S.S.G. § 4B1.2(b) (2002).

[4] The "date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*." U.S.S.G. § 4B1.2(c) (2002).

> A: Yes.
> Q: All right. And at that time did you have in your possession a quantity of cocaine?
> A: Yes.
> Q: All right. It was less than half an ounce, is that correct?
> A: Yeah.
> Q: Was it possessed with the intent to distribute, although you didn't do so?
> A: No.

Def.'s Mot. to Reduce ¶ 7; July 14, 2008 Mot. to Reduce Sentence, App. C (docket no. 51.1). Second, Marshall had not been sentenced for this offense in state court at the time of his federal sentencing hearing. He never appeared at the sentencing hearing for the state offense, and a warrant remained out for his arrest until he was apprehended for the federal offense in late 2000. Therefore, this Court only used the fact of the guilty plea to signify conviction, for the charges noted in the guilty plea, in sentencing Marshall.

Qualifying for the career offender enhancement changed Marshall's criminal history category to a VI, and increased his offense level to 37. *See* U.S.S.G. § 4B1.1(b) (with § 851 enhancement, increasing offense level to 37 and criminal history score to VI). With a three-level acceptance of responsibility reduction, Marshall's final range was an offense level of 34 and a criminal history category of VI, resulting in a guidelines range of 262–327 months. Marshall did not object to the PSR. It is unclear whether he objected to the application of the career offender enhancement, but Marshall did make two motions during sentencing: a motion for a downward departure and a motion to withdraw his federal guilty plea. *See* docket no. 41. Both were denied. This Court sentenced Marshall at the bottom of the guidelines range, to 262 months of incarceration and eight years of supervised release.

## B. Contesting the Second Predicate Conviction and Career Offender Enhancement

On June 28, 2002, Marshall filed a notice of appeal. The United States Court of Appeals for the Fourth Circuit affirmed Marshall's conviction on February 25, 2003. On June 17, 2003,

the indictment for the May 18, 1998 predicate offense was dismissed on the New Jersey prosecutor's motion. On June 3, 2003, Marshall filed a 28 U.S.C. § 2255 petition to vacate his sentence, and on July 8, 2004 and April 15, 2005 this Court and another federal district court "denied the motion because on the record it appeared that the indictment was dismissed 'for a reason other than an error of law, actual innocence, or unconstitutionality.'" Mot. for Reduce ¶ 6 (quoting Mem. Op., Apr. 15, 2005); April 15, 2005 Mem. Op. on Mot. for Certificate of Appealability, No. 7:03-cv-00358, docket no. 20. In 2006, Marshall went back to state court and filed an unopposed motion to reinstate and reopen the dismissed indictment. On November 13, 2006, The Salem County Superior Court reinstated the indictment and convicted Marshall of simple possession of cocaine.

On August 7, 2007, Marshall filed a motion under 28 U.S.C. § 2244 for authorization to file a second or successive habeas petition. The Fourth Circuit denied that motion on August 24, 2007. *See* docket no. 50. On July 14, 2008, Marshall filed a pro se motion to reduce sentence under 28 U.S.C. § 3582(c)(2) and Amendment 706 to the guidelines. *See* docket no. 51. Marshall elaborated on how he filed a § 2255 motion before the conviction was vacated, then got counsel in state court to vacate the conviction, then was not granted permission to file a second or successive § 2255 petition after his state conviction was vacated. Marshall essentially argued for resentencing due to the shift in the crack guidelines, at which time the Court could find the § 4B1.1 career criminal enhancement did not apply to Marshall. Marshall also argued that the Court could more fully consider the 3553(a) factors on resentencing and reduce his sentence, since *Booker* had made the guidelines non-mandatory since his first sentencing hearing.

On August 4, 2008, the Court denied Marshall's motion to reduce sentence, commenting that he was sentenced as a career offender under § 4B1.1 under guideline levels that had not been

reduced; therefore, he was ineligible for sentence reduction under § 3582(c)(2). *See* docket no. 52. On August 18, 2008, Marshall appealed this ruling to the Fourth Circuit, which affirmed this Court's decision on December 24, 2008. *See* Docket nos. 56, 58. Marshall filed the current Motion to Reduce Sentence on January 31, 2014. *See* docket no. 62.

### C. Marshall's January 31, 2014 28 U.S.C. § 3582(c)(2) Motion

On January 31, 2014, Marshall filed this Motion to Reduce Sentence. On March 7, 2014, this Court held a hearing to discuss the Motion, and to notify the parties of its intent to construe the Motion as either a § 2255 motion or § 1651 petition. On March 19, 2014, the government indicated to the Court that it would waive the statute of limitations, and desired for Mr. Marshall's release to be secured forthwith. On March 20, 2014, Marshall filed a Memorandum supplementing his Motion to Reduce ("Supplemental Memorandum") (docket no. 66), after conferring with the government.

Since I will vacate Marshall's sentence under 28 U.S.C. § 2255, or alternatively under 28 U.S.C. § 1651, and I find he is not a career offender, his guidelines range becomes the statutory mandatory minimum sentence he received: 120 months incarceration and 96 months (8 years) of supervised release. The Motion to Reduce Sentence notes Marshall has now served over 160 months. I will therefore order his release forthwith.

### II. DISCUSSION

Marshall originally sought to obtain a resentencing under 18 U.S.C. § 3582(c)(2). Since his guideline range for the underlying crack cocaine conviction was reduced under the Fair Sentencing Act ("FSA"), his motion requested that this Court reopen his sentencing, conduct that reduction, and then note that the career offender guideline does not apply. This Court cannot conduct such a resentencing under § 3582(c)(2). The Fourth Circuit has instructed in other

contexts that § 3583(c)(2) is not a vehicle for resentencing, nor for applying the FSA's revised mandatory minimum sentences. *See United States v. Black*, 737 F.3d 280, 284–86 (4th Cir. 2013). The underlying crack cocaine guidelines range would not govern Marshall's sentence. Instead, either his career offender guideline or the statutory mandatory minimum sentence under §§ 841(b)(1)(B) and 851 would govern.

However, for the reasons noted below, I construe Marshall's motion as either a 28 U.S.C. § 2255 motion, or alternatively, under 28 U.S.C. § 1651 as a petition for a writ of error coram nobis, and I will grant relief to Marshall thereunder.

### A. 28 U.S.C. § 2255

Marshall is currently a prisoner in federal custody who is asking this Court to correct his federal sentence because either: (1) it was imposed in violation of the laws establishing the sentencing guidelines, or (2) it is subject to collateral attack because it does not conform to those guidelines. Therefore, Marshall essentially seeks to vacate his conviction under 28 U.S.C. § 2255, and I construe his motion as such. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005). Once a § 2255 motion is filed, a court "shall" notify the government about the motion, "grant a prompt hearing thereon, [and] determine the issues and make findings of fact and conclusions of law" about the motion, although the court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(b), (c). If the court finds the judgment or sentence were imposed unlawfully or are subject to collateral attack, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.*

Motions under § 2255 petitions must follow certain strict guidelines. Marshall's motion may only be considered by this Court if it falls within the one-year period of limitations for filing

a § 2255 petition, and if it is not a second or successive § 2255 petition requiring certification by the Fourth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(f), (h); 28 U.S.C. § 2244.

### 1. Second or Successive Motions under § 2255

Section 2255 also requires that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain— (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . . .

28 U.S.C. § 2255(h)(1). The Supreme Court has indicated that a defendant may not collaterally challenge a state court conviction during a federal sentencing proceeding. However, as the Court stated in *Custis v. United States*, a defendant could attack the finality of his state sentence and "may then apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994). The Court did not specify the proper method for reopening a federal sentence that had been improperly enhanced, but the Fourth Circuit suggested in *United States v. Gadsen*, 332 F.3d 224, 228–29 (4th Cir. 2013), that a § 2255 petition filed after "the state court conviction is conclusively invalidated" is one such permissible method.

In this case, however, Marshall filed his first § 2255 petition after the state indicated it would dismiss his indictment and vacate his conviction, but before the state court conviction was conclusively invalidated in 2006. On October 24, 2002, New Jersey prosecutors moved to dismiss Marshall's indictment on the May 18, 1998 conviction. As noted above, Marshall has filed one previous § 2255 motion in 2003, parts of which were filed after the indictment's dismissal for his May 18, 1998 predicate offense. *See Marshall v. United States*, No. 7:03-cv-00358, docket nos. 1–5 (W.D. Va. June 2, 2003–August 18, 2003). Marshall continued to

contest this § 2255 in district court until this Court denied a certificate of appealability on April 15, 2005. Marshall filed a notice that he would appeal that denial to the Fourth Circuit on April 1, 2005, and the Fourth Circuit dismissed his appeal on November 28, 2005. *See id.*, docket nos. 20–21, 28–29. On August 29, 2006, Marshall went back to state court and filed an unopposed motion to reinstate and reopen the dismissed indictment. This motion was based on the fact that his guilty plea for the offense was insufficiently factually supported. Supp. Mem. 3. On November 13, 2006, The Salem County Superior Court reinstated the indictment and convicted Marshall of simple possession of cocaine.

Marshall argues, and the government does not contest, that this Court should not classify Marshall's current § 2255 motion as a second or successive petition. Supp. Mem. 4. As the Supplemental Memorandum points out, this motion asserts new claims based on a conclusively invalidated state court conviction. First, Marshall was not able to contest his state court conviction in his federal sentencing proceeding. *See Custis*, 511 U.S. at 497. Then Marshall could not collaterally attack his state court conviction, because it never became final. Although he pled guilty on May 18, 1998, he was never sentenced.

Nevertheless, when the state indicated it would dismiss the indictment on that May 18, 1998 guilty plea, Marshall attempted to obtain relief in federal court. Marshall filed his first § 2255 pro se,[5] on what seemed to be a vacated state conviction – and it was adjudicated after his state indictment for the May 18, 1998 guilty plea was dismissed. However, the indictment's dismissal did not provide a constitutional basis under which this Court could reopen his federal sentence. At the same time, Marshall could not appeal or attack that state conviction collaterally because nothing remained to attack or appeal – the indictment had been dismissed. Nevertheless,

---
[5] *See Marshall v. United States*, No. 7:03-cv-00358, docket no 4 (Roseboro Notice) (W.D. Va. August 4, 2003).

Marshall persisted and was able to get the indictment reinstated so that he could be formally convicted of simple possession as befit his plea colloquy on May 18, 1998. Unfortunately, this did not occur until 2006, after Marshall's first § 2255 motion had been fully adjudicated.

In situations where the merits of a habeas petitioner's argument in an initial petition have not been addressed in the district court due to success on other claims or technical, procedural defects, courts have found that a second habeas petition asserting those same claims is not a "second or successive" petition requiring certification under § 2255(h). *See. e.g.*, *Slack v. McDaniel,* 529 U.S. 473, 485–86 (2000) ("a habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition"); *Stewart v. Martinez–Villareal,* 523 U.S. 637, 645 (1998) (initial petition would not prevent filing of later petition in district court as second or successive when first petition was dismissed as premature, because "[t]o hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review"); *Martinez v. United States*, No. CIV. 09-4037, 2011 WL 782284, at *3–4 (D.S.D. Feb. 24, 2011) (finding a second habeas petition was not "second or successive" or an abuse of the writ under § 2255(h) when the merits of an ineffective assistance of counsel claim were never adjudicated on first petition – it instead resulted in reinstatement of direct appeal).

The instant case proves analogous to the circumstances in *Slack*, *Stewart*, and *Martinez*, and I will not classify Marshall's January 31, 2014 § 2255 motion as "second or successive" under § 2255(h). As in the above-named cases, Marshall attempted to assert that his May 19, 1998 guilty plea in state court was constitutionally insufficient to support the career offender enhancement in his initial § 2255 petition in 2003. He likely thought he had sufficiently vacated

that state court conviction when the indictment was dismissed, such that his initial § 2255 petition would succeed. For technical reasons, the dismissal of the indictment did not suffice to show his May 18, 1998 guilty plea was constitutionally infirm, and the very dismissal of the indictment foreclosed other collateral and direct avenues of appealing that conviction. Nonetheless, Marshall now asserts essentially the same claim as in his § 2255 petition – the fact that the career offender enhancement should not apply based on the facts of his vacated 1998 conviction. That conviction is now presented in the proper procedural posture. After the dismissal of his initial habeas petition, Marshall's indictment was reinstated and the conviction was properly classified according to his colloquy as a simple possession. To classify Marshall's current § 2255 petition as "second or successive" would ignore that it asserts a claim this Court has not yet adjudicated on the merits, due to technical difficulties Marshall has overcome through a lengthy and arduous process. Therefore, I will follow the Supreme Court of the United States and other courts in finding Marshall's January 31, 2014 petition is not functionally a "second or successive" habeas petition under § 2255(h), such that he would need a court of appeals' certification before I could consider it on the merits.

### 2. One-Year Limitations Period

A one-year limitations period also applies to Marshall's § 2255 motion, and runs from the latest of:

> **(1)** the date on which the judgment of conviction becomes final; [or]
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1), (4). At the latest, this limitations period would have started to run on November 13, 2006, when Marshall's conviction was vacated and became simple possession rather than possession with the intent to distribute. *See United States v. Gadsen*, 332 F.3d 224,

226–29 (4th Cir. 2003) (finding AEDPA's statute of limitations for § 2255 petitions begins running when a challenged state court conviction underlying a career offender enhancement is conclusively invalidated). The Fourth Circuit in *Gadsen* and the U.S. Supreme Court in *United States v. Custis* have noted the underlying problem with the limitations period: a defendant generally cannot collaterally attack the validity of a predicate state conviction during a federal sentencing hearing, but must do so in state court and then "reapply for reopening of any federal sentence enhanced by the state sentences." *United States v. Custis*, 511 U.S. 485, 486 (1994); *Gadsen*, 332 F.3d at 228–29. "It would be an illogical, if not cruel, gesture for the Supreme Court to invite prisoners to attack their predicate convictions and then inform them that their efforts must go for naught and their enhanced sentences must stand." *Gadsen*, 332 F.3d at 228 (internal quotation marks omitted).

Marshall filed a § 2244 petition with the Fourth Circuit on August 7, 2007, within the year, seeking authorization to file a second or successive § 2255 petition. The Fourth Circuit denied authorization, without comment. *See* docket no. 50. In July 2008 Marshall tried again through a pro se 28 U.S.C. § 3582 motion for sentence reduction in this Court. When this Court denied his motion, Marshall immediately appealed to the Fourth Circuit. However, the Fourth Circuit denied Marshall's appeal and the mandate took effect on January 15, 2009. On January 31, 2014, Marshall filed this 28 U.S.C. § 3582(c)(2) motion for sentence reduction, now construed as either a § 2255 or a § 1651 motion.

However, the government may waive the statute of limitations for a § 2255 motion. *See, e.g., Miller v. United States*, 735 F.3d 141, 143 (4th Cir. 2013) (noting the Government waived the statute of limitations for a § 2255 motion and "asked the district court to vacate [the defendant's] conviction," leading both the district court and the Fourth Circuit to consider the

defendant's § 2255 petition on the merits). The government does so here, and urges this Court to vacate Marshall's sentence and order his release forthwith.

I therefore find that the § 2255 one-year limitations period has been waived and will consider his motion on the merits.[6]

### 3. Merits of the § 2255 Motion to Vacate

Marshall seeks to vacate his sentence because the career offender guideline should not have applied to enhance his sentence. Under U.S.S.G. § 4B1.1, in 2002 and now, a defendant must have at least *two* prior convictions for felony controlled substance offenses. A "controlled substance" offense has been defined to include only offenses "punishable by imprisonment for a term exceeding one year" that involve "the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance" with the intent to do one of the enumerated actions. U.S.S.G. § 4B1.2(b) (2002); U.S.S.G. § 4B1.2(b) (2014). A conviction for the simple possession of a controlled substance does not qualify as a predicate conviction under § 4B1.1, and did not qualify in 2002 when Marshall was sentenced by this Court.

At the time of federal sentencing in 2002, Marshall's guilty plea for possession with the intent to distribute cocaine was invalid because it was not factually supported. On May 19, 1998, Marshall's plea colloquy with the state court revealed that he did not possess the .16 ounces of cocaine with the intent to distribute that substance. Def.'s Mot. to Reduce ¶ 7; July 14, 2008 Mot. to Reduce Sentence, App. C (docket no. 51.1). This error was later corrected in state

---

[6] Marshall's Supplemental Memorandum also points out that the § 2255 statute of limitations may be equitably tolled "when a prisoner's § 2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Supp. Mem. 7–9 (quoting *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003)). If the government's waiver of the statute of limitations proved insufficient, I find that equitable tolling would apply to allow Marshall's § 2255 petition, as he has more than diligently pursued his claims since his sentence became final in 2002, including an initial § 2255 petition within the one-year statute of limitations and other ongoing efforts in multiple jurisdictions, as noted in this opinion.

court, first when the prosecutor dismissed the indictment against Marshall in 2003, and more definitively when the indictment was reinstated and Marshall was formally convicted of only simple possession in 2006.

Despite the fact that his guilty plea was factually unsupported, Marshall could not have attempted to avoid the career offender enhancement during his sentencing proceeding in this Court in 2002 by collaterally attacking that state sentence. *See Custis*, 511 U.S. at 497. At the time of federal sentencing, the guidelines specified that the New Jersey conviction was a predicate offense, even though sentencing in the state court had not yet occurred. *See* U.S.S.G. § 4B1.2(c) (2002) (The "date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of *nolo contendere*."). Therefore, Marshall's only avenue of relief lay in returning to state court to vacate the conviction before attempting to reopen and recalculate his federal sentence. Marshall has done exactly that, through a lengthy and arduous process involving both the state and federal courts.

I find that Marshall's conviction and sentence were imposed unlawfully or are subject to collateral attack because his sentence does not conform to the sentencing guidelines. Marshall does not qualify as a career offender. Unknown to this Court in 2002, Marshall's May 18, 1998 guilty plea to a distribution offense rested on a factually insufficient basis. His conviction has since been vacated and reduced to a conviction for simple possession. Simple possession offenses are not "controlled substance offense[s]" under U.S.S.G. § 4B1.1. I therefore vacate Marshall's original sentence for 262 months of incarceration and will correct his sentence.

As is required, I have notified the government and the defendant of my intent to construe this as a § 2255 motion. I held a hearing on March 7, 2014, at which I discussed the relevant issues with counsel for the government and defendant. Under § 2255(c), I may entertain this

motion and adjudicate it without the defendant's presence. I exercise my discretion to decide this motion without requiring Marshall's presence in this Court, given that I order his present release from confinement. Furthermore, finding Marshall's petition has merit under § 2255(a), I will "vacate and set the judgment aside," and I will order the "discharge [of the] prisoner" and "correct [Marshall's] sentence" as "appear[s] appropriate" to this Court. 28 U.S.C. § 2255(a). As explained more fully below, I find it appropriate to "correct" Marshall's sentence downward to the mandatory minimum imposed on him in 2002 under 21 U.S.C. §§ 841(b)(1)(B) and 851, resulting in a guidelines range of 120 months of imprisonment and 96 months of supervised release. Both Marshall and the government have agreed to this approach.

### B. Writ of Error Coram Nobis under 28 U.S.C. § 1651

Even if 28 U.S.C. § 2255 did not apply or could not be invoked by Marshall before this Court, I find I have the authority to vacate his sentence and correct that sentence under 28 U.S.C. § 1651. A writ of error coram nobis is an extraordinary remedy, not to be granted unless an error "of the most fundamental character" has occurred and no other remedy would apply to correct the error. *See United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012) (citing *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988)).

Federal courts have the authority to grant such writs under 28 U.S.C. § 1651(a) when a petitioner shows:

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Akinsade*, 686 F.3d at 252; 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.").

– 15 –

If relief was unavailable under § 2255 in this case, § 1651 would apply. A more usual remedy would not be available because Marshall could not attack his invalid sentence through any other means. Marshall could not have attacked the conviction earlier, both because he had not yet been sentenced in state court, and his conviction there was not final at the time of the 2002 federal sentencing, and because he could not collaterally attack his state conviction at the federal sentencing proceeding, even though the guilty plea was factually unsupported. Immediately after being sentenced in federal court, Marshall began attempting to attack his state court conviction and reopen his federal sentencing proceeding. He has persisted in those efforts for over 10 years. Adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III. Namely, Marshall would serve an additional five years in federal custody if denied relief by this Court, under a federal guidelines provision that does not apply to him.

Finally, the error in sentencing Marshall as a career offender is of the most fundamental character. When this Court sentenced him in 2002, the guidelines were mandatory, meaning this Court was bound to sentence Marshall within his 262–327 month guideline range. Marshall received a 262-month sentence of incarceration. His guideline range increased by 142 months, or almost 11 years, based on an enhancement that does not apply to him. Few errors could be classified as more fundamental in our criminal justice system.

A writ of error coram nobis usually applies only to persons who are no longer in custody, and it is truly an extraordinary remedy, not often granted. *See Akinsade*, 686 F.3d at 252. The fact that the writ applies mostly to petitioners no longer in custody stems from the fact that those petitioners are most likely to find themselves without "a more usual remedy," such as a habeas corpus petition. *See, e.g.*, *id.* Despite the usual pattern, a writ of error coram nobis is appropriate

in this extraordinary and extremely unusual situation.

I find that, even if Marshall could not invoke § 2255 to vacate his sentence, I could and would apply § 1651 to correct the fundamental error in Marshall's sentence. *See, e.g.*, *United States v. Ransom*, 985 F. Supp. 1017, 1017–19 (D. Kan. 1997) (allowing habeas petition under 28 U.S.C. § 2241, or alternatively, under § 1651 as a writ of error coram nobis, because defendant claimed his plea to using and carrying a firearm during a drug trafficking offense was defective, governing law changed in the interim, and he was potentially improperly convicted of that additional offense at federal sentencing, but did not "have any other effective opportunity to raise" that claim).

### C. Correcting Marshall's Sentence

Having vacated Marshall's 2002 sentence, I hereby correct his sentence. *See* 28 U.S.C. § 2255(a). Marshall's May 18, 1998 conviction was dismissed in 2003. That indictment was reinstated, and he was convicted of simple possession of cocaine in 2006. A simple possession conviction does not qualify as a predicate offense under § 4B1.1. U.S.S.G. § 4B1.1 (2013). Therefore, Marshall does not qualify as a career offender. Reflecting that change, Marshall now has a guideline range of 120 months, due to the statutory mandatory minimum sentence imposed under § 841(b)(1)(B) and § 851 for having one prior felony drug offense when Marshall committed the 2002 offense. The government and Marshall have agreed to this disposition, which in practice results in his immediate release and commencement of an eight-year term of supervised release.[7] I therefore order that Marshall be released forthwith.

---

[7] Although I simply correct Marshall's sentence rather than fully resentencing him, I note Marshall has a criminal history category of II (from a criminal history score of 3), under either the current or 2002 versions of the guidelines, calculated as noted in the March 6, 2014 PSR, except as follows. The conviction on page 7 of the March 6, 2014 PSR would count for one criminal history point, as it is a "prior sentence" of probation (regardless of whether it was immediately terminated), imposed within ten years of the defendant's commencement of the 2000 drug conspiracy offense (in 2006). *See* U.S.S.G. §§ 4A1.2(a)(3); 4A1.2(e)(2). Even if this conviction was not counted, as it is not in

### III. CONCLUSION

For the reasons stated herein, I hereby CONSTRUE Marshall's Motion to Reduce his sentence (docket no. 62) as a 28 U.S.C. § 2255 motion and GRANT that motion. In the alternative, I CONSTRUE Marshall's Motion to Reduce as a petition for a writ of error coram nobis under 28 U.S.C. § 1651 and GRANT that petition. I find that Marshall does not qualify as a career offender under the guidelines and CORRECT HIS SENTENCE to 120 months of incarceration, but in no case less than time served, with 96 months of supervised release to follow. I impose the conditions of supervision and criminal history category enumerated in the March 6, 2014 PSR and ORDER that Marshall be released from BOP custody within 10 days of entry of this order, to commence supervision.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Defendant and all counsel of record.

Entered this _21st_ day of March, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

the March 6, 2014 PSR, Marshall has a criminal history score within the category II range.